**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| BRUCE D. BERSTLER, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED RENTALS, INC., <br><br> Defendant. | No. 06-CV-1019-LRR <br><br> **ORDER** |

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.    *JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.    *STANDARD FOR SUMMARY JUDGMENT* . . . . . . . . . . . . . . . . . . . . . . *2*

V.    *PLAINTIFF'S FAILURE TO COMPLY WITH THE LOCAL RULES* . . . . . *3*

VI.    *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*I. INTRODUCTION*

The matter before the court is Defendant United Rentals, Inc.'s Motion for Summary Judgment ("Motion") (docket no. 8).

*II. PROCEDURAL BACKGROUND*

On June 2, 2006, Plaintiff Bruce D. Berstler filed a Petition at Law ("Petition") against Defendant United Rentals, Inc. in the Iowa District Court in and for Dubuque County. In Count I, Plaintiff alleges that Defendant failed to pay him wages, bonuses and vacation pay, in violation of Iowa Code § 91A [sic], the Iowa Wage Payment Collection

Law.[1]  In Count II, Plaintiff alleges common law wrongful discharge.  Specifically, Plaintiff alleges that Defendant fired him after he reported "violations of company policy and procedures, ethical violations, a hostile work environment and violations of state and federal laws including criminal statutes and civil rights laws."  Petition (docket no. 1-2), at 2.  Plaintiffs seeks compensatory damages (including damages for emotional distress), liquidated damages, attorneys' fees and punitive damages.

On June 7, 2006, Plaintiff served the Petition on Defendant.  On July 7, 2006, Defendant removed the Petition to this court pursuant to 28 U.S.C. § 1441.  Defendant invoked this court's diversity jurisdiction under 28 U.S.C. § 1332.

On August 24, 2007, Defendant filed the Motion.  On September 24, 2007, after receiving an extension from a magistrate judge, Plaintiff filed a Resistance.  The Motion is fully submitted, and thus the court turns to consider it.

### III.  JURISDICTION

Plaintiff is a citizen of Iowa.  Defendant is incorporated in Delaware, with its principal place of business in Connecticut.  The amount in controversy, exclusive of costs and interest, exceeds $75,000.  The court has jurisdiction over the Petition.  *See* 28 U.S.C. § 1332.

### IV.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question."  *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477

---

[1] Iowa Code chapter 91A is the Iowa Wage Payment Collection Law.  Iowa Code § 91A.1.  It "is designed 'to facilitate the collection of wages owed to employees.'" *Jeanes v. Allied Life Ins. Co.*, 300 F.3d 938, 943 (8th Cir. 2002) (quoting *Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 201 (Iowa 1997)).

U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Id*. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Baum v. Helget Gas Prods., Inc.,* 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

### V. *PLAINTIFF'S FAILURE TO COMPLY WITH THE LOCAL RULES*

Local Rule 56.1.b.2 requires a party opposing summary judgment to file a response to the moving party's statement of material facts. In pertinent part, Local Rule 56.1.b provides:

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit

3

> the statement, with citations to the appendix containing that part of the record. *The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact*.

LR 56.1.b (emphasis added). After Defendant filed its statement of undisputed material facts, Plaintiff failed to file a response to it. Accordingly, the court deems all of Defendant's statements of material fact to be admitted. LR 56.1.b; *see, e.g., Libel v. Adventure Lands of Am., Inc.*, No. 06-1711, 482 F.3d 1028, 1032-33 (8th Cir. 2007) (discussing identical local rule in the Southern District of Iowa and affirming district court's decision to deem all statements of material fact to be admitted). The court is not required to "'engag[e] in the proverbial search for a needle in the haystack.'" *Id.* at 1032 (quoting *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Id.*

In light of Plaintiff's admissions to Defendant's statements of material fact, as well as Plaintiff's failure to file a "statement of additional material facts that the resisting party contends preclude summary judgment," LR 56.1.b.3., the court holds that summary judgment is appropriate and the Motion should be granted for all of the reasons stated therein. *Id.*; Fed. R. Civ. P. 56. Further, the court notes that Defendant is entitled to judgment as a matter of law with respect to Count I on purely factual grounds, because (1) contrary to Plaintiff's allegations in the Petition, Defendant mailed Plaintiff his final check and paid him all wages due and (2) Plaintiff was not entitled to a bonus. Similarly, with respect to Count II, it is undisputed that Plaintiff was fired because Defendant substantiated a complaint that Plaintiff had instructed employees to falsify inventory documents and had created a "hostile, oppressive environment."[2]

---

[2] The court notes that Plaintiff does not cite any legal authority whatsoever in his
(continued…)

## VI. DISPOSITION

The Motion (docket no. 8) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly and assess all costs of this action against Plaintiff.

**IT IS SO ORDERED.**

**DATED** this 25th day of September, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2](…continued)
Resistance with respect to Count II. *But see* LR 7.1.e (requiring citation to legal authority).